UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH LITTLE,<br><br>Defendant. | 5:22-CR-50156-JLV<br><br><br>ORDER DENYING MOTION FOR BAIL<br>(DOC. 35) |

This matter came before the court for an initial appearance, arraignment, and detention hearing on an indictment in the above case on October 3, 2022.  Mr. Little appeared in person and by his counsel, CJA Attorney, Robbie Rohl.  The United States was represented by Assistant United States Attorney, Kathryn Rich.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held.  Mr. Little submitted to detention.  The undersigned magistrate judge also found he presented both a serious risk of nonappearance and serious risk that he would endanger the safety of another person or the community.  (Doc. 12).  Mr. Little, appearing *pro se*, argues he should be released to be able to assist in his state court criminal charges.  (Doc. 35).  The government opposes the motion for bail.  (Doc. 47). The undersigned magistrate judge concludes that detention of Mr. Little is necessary pending trial in this case.

### Part I - Written Statement of Reasons for Release

I find that the credible information submitted at the detention hearing establishes that Mr. Little is charged in the Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B), and

1

Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Little has been indicted by the grand jury so there is probable cause to believe that he committed the offenses with which he is charged; he is still presumed to be innocent.

Because Mr. Little was indicted with a federal drug offense carrying a maximum penalty of ten years or more, under the Bail Reform Act, a rebuttable presumption arises that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e). The grand jury indictment, standing alone, establishes probable cause to believe that the defendant committed the offenses with which he is charged. United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).

In a presumption case such as this, "a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." Id. (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor" to be considered by the court. Id. A defendant must be detained pretrial if, after conducting a hearing, a judicial officer determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

Mr. Little is requesting pretrial release because "he would like to get [his state court criminal charges] moving forward with, towards resolution." (Doc. 35, p. 1). That is not a factor for the court to consider when determining pretrial release. In determining pretrial release, a magistrate judge is to consider:

2

(1)    the nature and circumstances of the offenses charged;

(2)    the weight of the evidence against the defendant;

(3)    the defendant's history and personal characteristics;

(4)    the nature and seriousness of the danger posed to other persons in the community if defendant were to be released; and

(5)    the rebuttable presumption against release of the defendant under 18 U.S.C. § 3142(e) because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

**1.  Nature and Circumstances of the Offenses Charged**

Mr. Little is charged in the Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B), and Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). These are very serious offenses. The indictment states Mr. Little knowingly and intentionally distributed or possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Id. If convicted of the drug conspiracy charge, Mr. Little is subject to a mandatory minimum sentence of five years up to forty years of imprisonment. The court does not know more information regarding the offenses charged. Nonetheless, the court finds that "the nature and circumstances of the offense[s] charged" weighs in favor of pretrial detention. 18 U.S.C. § 3142(g)(1).

**2.  Weight of the Evidence**

The court has no knowledge on the weight of evidence in this case. Therefore, this is factor does not weigh in favor of detention or release.

**3.  Defendant's Characteristics**

The court is to consider the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, history of alcohol

and illegal substance abuse, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record.  18 U.S.C. § 3142(g)(3)(A).

The court does not know Mr. Little's personal characteristics as the pretrial services interview was not conducted at the request of defense counsel.  (Docket 7). Mr. Little's criminal history is extensive, consisting of approximately fifty arrests.  Id. at pp. 2-8.  His convictions include simple assault (domestic violence), resisting arrest, eluding – bodily injury person/property (felon), disorderly conduct, carrying a concealed weapon, and aggravated eluding.  Id. He has been non-compliant while on supervision and had his parole revoked numerous times. Id.

Mr. Little has a history of flight and failures to appear.  Id.  On February 1, 2022, Mr. Little was charged with second degree escape by prisoner, the details of this offense are unknown.  Id. at p. 7.  In 2009 and 2011, Mr. Little was charged with Escape from the Oglala Sioux Tribe Department of Corrections.  Id. at p. 8.  This factor weighs heavily in favor of detention.

### 4. Defendant's Danger to Community

The final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4). Regarding risk of danger, Mr. Little's criminal record illustrates he has a history of violence.  (Doc. 7, pp. 7-9).  He was the subject of five protection orders, one which remains active.  Id.  Mr. Little's risk of flight and danger to the community cannot be mitigated through conditions of supervision; therefore, this factor weighs in favor of detention.

Based on the record herein, I find by a preponderance of the evidence that there are not sufficient conditions of release that will assure the safety of the community

4

and the presence of Mr. Little at further proceedings in this matter. Accordingly, it is hereby

ORDERED that the Motion for Bail (Doc. 35) be denied.

DATED this 11th day of April, 2023.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge