UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JEREMIAH LITTLE,<br><br>　　　　　Defendant. | 5:22-CR-50156-JLV<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS |

Pending are Jeremiah Little's *Pro se* Motions to Dismiss Indictment. (Docs. 33, 38).[1] The government opposes the motion. (Doc. 46).

Mr. Little is charged in an Indictment with Conspiracy to Distribute Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)) and Prohibited Person in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The pending motions was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

Based on a careful consideration of the written arguments, it is respectfully recommended that Defendant's Motions to Dismiss be denied.

---

[1] When Mr. Little filed Doc. 33 and 38, he was represented by counsel. Later, he requested to proceed *pro se*, and the court filed an order granting his motion to proceed *pro se*. (Doc. 41).

1

**FACTUAL BACKGROUND**

Mr. Little was indicted on September 22, 2022, by a grand jury. (Doc. 1). The United States applied for a writ of habeas corpus ad prosequendum on September 28, 2022. (Doc. 5). The Magistrate Court issued the writ on September 29, 2022. (Doc. 6). The writ demanded the Pine Ridge Adult Offenders Facility produce Jeremiah Little for the purpose of appearing at an initial appearance. (Doc. 13). The return on the writ indicates that on "9/29/22 [it was] executed by transferring [Mr. Little] to USMS custody." Id. On September 30, 2022, in a text order, the Magistrate Court scheduled the defendant's initial appearance. On October 3, 2022, the defendant made his initial appearance. (Doc. 8).

**DISCUSSION**

Mr. Little argues the indictment should be dismissed because he was detained for an extended period of time without an initial appearance or probable cause determination following his arrest. Mr. Little argues the due process clause was violated as it "forbids an extended detention, without a first appearance following arrest by warrant." Green v. Byrd, 972 F.3d 997, 1001 (8th Cir. 2020) (quoting Hayes v. Faulkner Cty., 388 F.3d 669, 673 (8th Cir. 2004)." (Doc. 33, 38 at pp. 1-2).

Mr. Little asserts he was arrested on the allegations set forth in the Indictment in this case on September 26, 2022, and detained at the Adult Offenders Facility in Pine Ridge. (Doc. 33, 38). He states that he was transported from the Adult Offenders Facility to the Pennington County Jail on

September 30, 2022, but not afforded a hearing until October 3, 2023.  Id.  Mr. Little argues that he should have been afforded a probable cause determination within forty-eight hours of his arrest on September 26, 2022.  Id.

However, a review of the record demonstrates that Mr. Little was arrested on tribal charges on September 26, 2022.  Mr. Little did not enter federal custody until September 29, 2022.  Mr. Little made his initial appearance four days later on October 3, 2022.

Rule 5 governing initial appearances provides that following an arrest, the "person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge[.]"  Fed. R. Crim. P. (5)(a)(1)(A).  The court does not find four days, especially when two of the days are on the weekend, to be an unnecessary delay.  See United States v. Tracy Jones, 5:20-cr-50141-KES (Doc. 157, 216) (finding the Defendant's 37-delay in presentment did not require dismissal of the indictment).

Assuming *arguendo*, that the four-day delay was an unnecessary delay, the appropriate remedy for a violation of Rule 5(a)(1)(A) is not dismissal of the indictment, but suppression of evidence illegally obtained as a result of the violation.  United States v. Cooke, 853 F.3d 464, 471 (8th Cir. 2017); United States v. Chavez, 705 F.3d 381, 385-86 (8th Cir. 2013).[2]  Mr. Little has made no showing that evidence was illegally obtain as a result of any arguable delay.

---

[2] See also United States v. Peeples, 962 F.3d 677, 686 (2nd Cir. 2020)(Rule 5(a)'s history confirms that the remedy for a violation of the Rule is the exclusion of evidence, not dismissal of a criminal case); United States v. Bibb, 194 F. App'x 619, 623 (11th Cir. 2006) ("we have never recognized dismissal of the indictment as a proper remedy for a Rule 5 violation"); United States v.

Finally, Mr. Little also argues he "should have been afforded a 'probable cause determination [hearing] held [against him]' within forty-eight hours of arrest." (Doc. 38, p. 2). Because Mr. Little was indicted by a grand jury, a probable cause hearing was not required. See Doc. 1.

## CONCLUSION

Based on the above analysis, it is hereby

RECOMMENDED that Mr. Little's Motions to Dismiss Indictment (Docs. 33, 38) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

---

Garcia- Echaverria, 374 F.3d 440, 452 (6th Cir. 2004) (noting generally that the appropriate remedy for a violation of Rule 5(a) is suppression of statements and affirming the district court's denial of defendant's motion to dismiss on that basis); United States v. Dyer, 325 F.3d 464, 470 n.2 (3d Cir. 2003) (observing that even if the government had violated Rule 5(a), the remedy for such a violation is not dismissal, but suppression of statements taken during the period of unnecessary delay); United States v. Castillo, No.1:20-cr-00061-JPH-TAB, 2020 WL 6743283 at **1-2 (S.D. Ind. Nov. 17, 2020) (117-day delay before initial appearance did not require dismissal of the indictment because dismissal was not the appropriate remedy for the conceded Rule 5(a)(1)(A) violation); United States v. Taylor, No.10-cr-16 2010 WL 2425922 at *2 (E.D. Wis. 2010) (absent widespread violations of Rule 5 or flagrant misconduct and prejudice to defendant, dismissal of the indictment is not justified); United States v. Savchenko, 201 F.R.D. 503, 509 (S.D. Cal. 2001)(Rule 5 "is not a general remedial statute, but rather a rule designed to deal with a particular problem by applying an evidentiary sanction"); United States v. Perez-Torribio, 987 F. Supp. 245, 247 (S.D. N.Y. 1997) ("Unnecessary delay violations of Rule 5(a) warrant suppression of evidence," not dismissal of the indictment).

Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of April, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge