UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   vs.<br><br>JEREMIAH LITTLE,<br><br>            Defendant. | CR. 22-50156-JLV<br><br>ORDER |

## INTRODUCTION

Defendant Jeremiah Little was charged in an indictment with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(B)) and possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Docket 1).  While represented by counsel, Mr. Little, *pro se*, filed a motion to dismiss the indictment.  (Docket 33).  The pending motion was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Local Rule (LR) 57.11(B).  On February 9, 2023, the magistrate judge issued a report and recommendation ("R&R") addressing defendant's motion.  (Docket 34).  The R&R recommended defendant's motion be denied without prejudice as Mr. Little was represented by an attorney and "all motions must be made through his attorney."  Id. (references omitted).

While the time period for filing objections to the R&R was pending, Mr. Little's attorney sought leave of the court to withdraw as counsel for Mr. Little.  (Docket 36).  Four days later, Mr. Little, *pro se,* filed an objection and appeal

from the R&R. (Docket 37) (referencing Docket 34). That same day, Mr. Little, *pro se*, filed a second motion to dismiss the indictment. (Docket 38).

While Mr. Little's objection to the R&R and second motion to dismiss were pending, the magistrate judge entered an order authorizing Mr. Little to proceed *pro se*. (Docket 41 at p. 1). The order also appointed CJA Attorney Frank Driscoll as standby counsel. Id. The same day, Mr. Little filed an *ex parte* motion for the appointment of counsel, asking that Attorney Angela Colbath be considered for the appointment. (Docker 43).

While the objection and the second motion to dismiss were still pending, Mr. Little filed another *ex parte* motion for the appointment of an attorney from "Dakota Plains" legal services to represent him. (Docket 48). The same day, the magistrate judge issued a second R&R recommending both of defendant's motions to dismiss be denied. (Docket 50 at pp. 1 & 4). The next day, Mr. Little, *pro se*, filed a motion invoking his Speedy Trial Act rights and requesting a 60-day continuance of the trial. (Docket 51). Five days later, Mr. Little, *pro se*, filed a letter saying "I filed motions and I'm asking if your [sic] going to rule on them, my rights [have] been violated, my amendments, my due process, also my constitutional rights. I am asking for relief, I pray that you give me relief." (Docket 54). The court will consider Mr. Little's *pro se* letter as his objection to the second R&R. After all of Mr. Little's filings were made, the magistrate judge granted defendant's motion for appointment of new counsel, and CJA

2

Attorney Angela Colbath was "appointed as full time CJA counsel."  (Docket 56).

## ANALYSIS

*PRO SE* FILINGS

The court agrees with the magistrate judge's ruling that Mr. Little may not file motions *pro se* when he is represented by counsel.  See Docket 34.  At the time of the filing of the first motion to dismiss, Mr. Little was represented by counsel and all motions and other filings associated with the defendant must be filed by counsel.  United States v. Stanko, 491 F.3d 408, 411 n.2 (8th Cir. 2007); United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998).  The court reviewed the R&R (Docket 34) and finds it is an appropriate resolution of defendant's first motion to dismiss.  (Docket 33).

SECOND MOTION TO DISMISS

As Mr. Little was technically represented by counsel when he filed the second motion to dismiss (Docket 38), the court will consider the motion as an improper *pro se* filing.  This finding is based on the fact that at the time the motion was filed counsel had been instructed by Mr. Little to withdraw to allow him to proceed *pro se.*  (Docket 36).  It was not until a few days after the *pro se* motion was filed that the magistrate judge authorized Mr. Little to proceed *pro se.*  (Docket 41 at p. 1).

Even though Mr. Little was not authorized to file the motion, the magistrate judge addressed the substance of defendant's second motion to

3

dismiss in the second R&R.  (Docket 50).  Mr. Little's timely objection (Docket 54) does not dispute either the findings or the conclusion arrived at by the magistrate judge.  Rather, Mr. Little seems only to be asking the court to grant him relief.  Id.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files a written objection to the magistrate judge's proposed findings and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  See also Fed. R. Crim. P. 59(b)(3).  The court completed a *de novo* review of the R&R and the record before the magistrate judge.

The court reviewed the second R&R (Docket 50) and finds it is an appropriate resolution of defendant's second motion to dismiss.  For that reason the defendant's objection is overruled and the second R&R is adopted.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's objection (Docket 37) is overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 34) is adopted.

IT IS FURTHER ORDERED that defendant's motion to dismiss the indictment (Docket 33) is denied.

IT IS FURTHER ORDERED that defendant's objection (54) is overruled.

IT IS FURTHER ORDERED that the second report and recommendation (Docket 50) is adopted.

IT IS FURTHER ORDERED that defendant's second motion to dismiss the indictment (Docket 38) is denied.

IT IS FURTHER ORDERED that defendant's motion (Docket 51) is denied as moot.

A new scheduling order will be entered.

Dated May 26, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE