UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMIAH LITTLE, <br><br> Defendant. | 5:22-CR-50156-KES-1 <br><br> ORDER DENYING MOTION TO REDUCE SENTENCE AND DENYING AS MOOT MOTION FOR APPOINTMENT OF ATTORNEY |

Defendant, Jeremiah Little, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions and requesting appointment of counsel. Docket 103. Plaintiff, the United States of America, opposes Little's motion. Docket 105. For the following reasons, Little's motion for a sentence reduction is denied and his motion for appointment for an attorney is denied as moot.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Little's guidelines range, based on a total offense level of 23 and a Criminal History Category of VI, was 92-115 months in custody. Docket 89-1 at 1. Little received 2 "status points" for committing the instant offenses while under a criminal justice sentence. Docket 80 at 16. On October 25, 2023, the court sentenced Little to 100 months' custody for Conspiracy to Distribute a Controlled Substance. Docket 89.

On March 11, 2024, Little filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 103. Because it is not clear which provision Little relies upon, the court will analyze his motion under both amendments.

**I.     U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal

2

history. U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e), Little appears to meet the criteria for a 1-point reduction; however, this change makes no difference because, even after 1-point reduction, he remains in the same Guideline range. Little was in Criminal History Category VI because he had 20 criminal history points. Docket 80 at 16. After the application of the amendment to U.S.S.G. § 4A1.1(e), he would receive 1 "status point" instead of 2, resulting in a total of 19 criminal history points, which would keep him in Criminal History Category VI. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table) (showing 13 or more criminal history points places individual in Criminal History Category VI). Because Little would remain in the same Criminal History Category, the amendment has no impact on his Guideline range. Therefore, the court denies Little's motion.

## II.     U.S.S.G. § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point

offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Little fails to meet the criteria for zero-point offenders for three reasons. First, he had a criminal history score of 20. Docket 80 at 16. Second, pursuant to U.S.S.G. § 2D1.1(b)(1), Little received a two-point enhancement for possessing firearms. *Id.* at 9. Third, pursuant to U.S.S.G. § 3B1.1(b), Little received a three-point enhancement for being the manager or supervisor, but not an organizer or leader, of the distribution of methamphetamine. *Id.* at 10. Thus, the amendment to U.S.S.G. § 4C1.1 does not apply to his case.

### III.    Request for Appointment of Counsel

Little moved for appointment of counsel. Docket 103. Under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Little. After a review of his motion, the Federal Public

4

Defender's Office filed a notice of intent not to file a supplement to Little's motion. Thus, Little's request for appointment of counsel is denied as moot.

## CONCLUSION

It is ORDERED that Little's motion (Docket 103) is DENIED. It is further ORDERED that Little's motion for appointment of counsel is denied as moot.

Dated April 1, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE